# The Attorney General of Texas

**JIM MATTOX**
**Attorney General**

December 28, 1984

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Philip F. Ricketts
Chairman
Public Utility Commission of Texas
7800 Shoal Creek Boulevard
Suites 400-450N
Austin, Texas    78757

Opinion No. JM-280

Re: Whether section 6(i) of article 1446c, V.T.C.S., prohibits former members and employees of the Public Utility Commission from serving a public utility as an outside consultant or attorney during the stated time period

Dear Chairman Ricketts:

You ask the following question about section 6(i) of article 1446c, V.T.C.S., the Public Utility Regulatory Act.

> Does section 6(i) of the Public Utility Regulatory Act, article 1446c, V.T.C.S., prohibit a member or employee of the Public Utility Commission from representing or performing work for a public utility in the capacity of an outside consultant or attorney during the period of time set forth in the section?

Section 6(i) of article 1446c, V.T.C.S., provides as follows:

> (i) No commissioner shall within two years, and no employee shall, within one year after his employment with the commission has ceased, <u>be employed by a public utility</u> which was in the scope of the commissioner's or employee's official responsibility while the commissioner or employee was associated with the commission. (Emphasis added).

You specifically inquire whether the phrase "be employed by a public utility" includes serving the utility as an outside consultant or attorney.

Section 6(i) was enacted by Senate Bill No. 232 of the Sixty-eighth Legislature which amended the Public Utility Regulatory Act.

Acts 1983, 68th Leg., ch. 274, at 1270.  The same enactment amended section 6(b) which formerly prohibited Public Utility Commission officers and employees from having "any pecuniary interest . . . in any public utility or affiliated interest" while with the commission and for two years thereafter.  Acts 1975, 64th Leg., ch. 721, at 2331. The 1983 amendment deleted the post-employment prohibition from section 6(b), quoted below with the deleted language shown in brackets.

> (b)  No commissioner or employee of the commission may do any of the following during his period of services with the commission [and for two years thereafter]:
>
> (1)  have any pecuniary interest, either as an officer, director, partner, owner, employee, attorney, consultant, or otherwise, <u>in any public utility or affiliated interest, or in any person or corporation or other business entity</u> a significant portion of whose business consists of furnishing goods or services to public utilities or affiliated interests, but not including a non-profit group or association solely supported by gratuitous contributions of money, property or services. . . .  (Emphasis added).

Acts 1983, <u>supra</u>, at 1268.

Section 6(b)(1) prohibits a current commissioner or employee from having certain business relationships with a public utility, an affiliated interest, or a business entity, a significant portion of whose business consists of furnishing goods or services to public utilities or affiliated interests.  Section 6(i) applies the post employment restriction only to employment by a public utility within the scope of the individual's official responsibility while with the commission.

The conference committee report on Senate Bill No. 232 indicates the legislature's intent in enacting section 6(i).  The House version of the bill provided a new two-year rule for former PUC commissioners only.  The report stated as follows:

> Under this provision, commissioners could not <u>go to work for a regulated utility</u> for a period of two years after the termination of employment with the PUC.  However, unlike current law, a commissioner could go to work for an affiliated interest or a firm that does substantial business with a regulated utility as long as the commissioner was

not involved in such transactions for a period of
two years. (Emphasis added).

The Senate version applied a one year prohibition to employers and a
two year prohibition to commissioners, administrative law judges, the
general counsel, or chief hearing examiner. The conference committee
combined the Senate and House

to restrict post employment of commissioners to
two years and employees to one year. <u>Neither can
work for a public utility</u>. (Emphasis added).

The conference committee report distinguishes between work for a
regulated utility, which is not permitted during the statutory post-
employment period, and work for an affiliated interest or a firm that
does substantial business with a utility which is not so prohibited.
We believe this report expresses the legislature's intent to continue
a broad prohibition against work for a public utility while removing
the former prohibition against work for affiliated entities or
entities that contract with public utilities. In our opinion, the
section 6(i) restriction prohibits a commissioner or employee of the
Public Utility Commission from representing or performing work for a
public utility in the capacity of an outside consultant or attorney
during the statutory time period.

## S U M M A R Y

Section 6(i) of article 1446c, V.T.C.S.,
prohibits a former member or employee of the
Public Utility Commission from serving a public
utility as an outside consultant or outside
attorney during the time period stated in that
provision.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton